## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 22 2019, 7:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael G. McGinley, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 22, 2019 <br><br> Court of Appeals Case No. 18A-CR-2711 <br><br> Appeal from the Marion Superior Court <br><br> The Hon. Steven Rubick, Magistrate <br><br> Trial Court Cause No. 49G01-1803-F5-9631 |

**Bradford, Judge.**

# Case Summary

[1] In March of 2018, Michael McGinley and Brenda McNulty were cohabitating and attempting to reconcile after ending their romantic relationship. Early in the morning of March 18, 2018, McGinley returned home and began yelling at McNulty, accusing her of infidelity. McGinley began beating McNulty, punching her several times in the head and causing her to lose consciousness twice. McNulty eventually escaped, but not before suffering an orbital fracture and a concussion. After a bifurcated bench trial, the trial court found McGinley guilty of Level 5 felony battery resulting in serious bodily injury and found him to be a habitual offender. McGinley contends that the State failed to rebut his claim of self-defense. Because we disagree, we affirm.

# Facts and Procedural History

[2] As of March 17, 2018, McGinley was living with McNulty in Indianapolis, and even though the pair had ended their romantic relationship, they were attempting to reconcile. That day, McNulty's shift as a cook at a local bar ended at approximately 11:00 p.m., and she went home. Between 5:00 p.m. and when she left, McNulty had consumed approximately five alcoholic beverages and was "tipsy" but not "blackout drunk[.]" Tr. Vol. II p. 8.

[3] McGinley, who was intoxicated, arrived home after midnight and began yelling at McNulty and accusing her of infidelity. At some point, McGinley took hold of McNulty's neck with one hand and punched her on the side of the head with the other, causing her to briefly lose consciousness. When McNulty regained

consciousness in another room, McGinley was still punching her in the head, legs, and arms. McNulty lost consciousness again and regained consciousness in a third room. McGinley had his hand around McNulty's neck, was punching her, and was saying that he "was going to f[*****] kill [her.]" Tr. Vol. II p. 13. McNulty managed to escape and summon help from a neighbor's house. It was later determined that McNulty had suffered an orbital fracture and a concussion.

[4] On March 23, 2018, the State charged McGinley with Level 5 felony battery resulting in serious bodily injury, Level 5 felony criminal confinement, Level 6 felony strangulation, and Level 6 felony domestic battery. The State also alleged McGinley to be a habitual offender. On September 14, 2018 and September 17, 2018, the trial court conducted a bifurcated bench trial. The trial court found McGinley guilty of battery resulting in serious bodily injury and domestic battery, merged those convictions, and found McGinley to be a habitual offender. On October 16, 2018, the trial court sentenced McGinley to one year of incarceration to be followed by three years in community corrections and one year of probation.

# Discussion and Decision

[5] While McGinley does not deny striking McNulty or causing her serious bodily injury, he contends that the State failed to rebut his claim that he acted in self-defense:

> When a defendant challenges the State's sufficiency of the
> evidence to rebut a claim of self-defense, the standard of review

remains the same as for any sufficiency of the evidence claim. We neither reweigh the evidence nor assess the credibility of witnesses but look solely to the evidence most favorable to the judgment with all reasonable inferences to be drawn therefrom. We will affirm a conviction where such evidence and reasonable inferences constitute substantial evidence of probative value sufficient to support the judgment.

Self-defense is recognized as a valid justification for an otherwise criminal act. When raised, a defendant must establish that he or she was in a place where he or she had the right to be, acted without fault, and was in reasonable fear or apprehension of death or great bodily harm. Once a defendant claims self-defense, the State bears the burden of disproving at least one of these elements beyond a reasonable doubt for the defendant's claim to fail. The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief. Whether the State has met its burden is a question of fact for the jury.

*Miller v. State*, 720 N.E.2d 696, 699–00 (Ind. 1999) (citations omitted).

[6] McGinley contends that he was without fault and struck McNulty out of reasonable fear for his safety. McNulty, however, testified that McGinley was the initial aggressor, testimony the trial court was entitled to believe and did. It is well-settled that "[s]elf-defense […] is unavailable to a defendant who is the initial aggressor[.]"[1] *Id.* at 700. McGinley points to his testimony that

---

[1] Indiana Code section 35-41-3-2(g) provides a limited exception to this general rule, namely, that "a person is not justified in using force if [the person is] the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." McGinley does not claim, much less establish, that the altercation in this case fits within this scenario.

McNulty initiated both the verbal altercation and the physical violence, striking him twice before he responded in kind. McGinley also points to some of McNulty's testimony, claiming that it establishes that her recollection of the events of the evening in question was questionable. The trial court was in the best position to evaluate this evidence and give it appropriate weight, and we will not second-guess its determinations as to credibility and weight. In the end, McGinley's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *Miller*, 720 N.E.2d at 699. McGinley has not established that the State failed to rebut his claim of self-defense.

[7] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.